IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUDICIAL WATCH, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE ILLINOIS STATE BOARD OF ELECTIONS, et al., <br><br> Defendants. | Civil Action No. 1:24-cv-01867 <br><br> Judge Sara L. Ellis |

### PLAINTIFFS' RESPONSE TO INTERVENOR-DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully submit this response to Intervenor-Defendants' Notice of Supplemental Authority (ECF 66-1) concerning *Republican Nat'l Comm.* ("RNC") *v. Benson*, No. 1:24-cv-262, 2024 U.S. Dist. LEXIS 192714 (W.D. Mich. Oct. 22, 2024).

*Benson* rejected standing based on voters' concerns that their legitimate votes will be diluted by invalid ones and their confidence in the integrity of elections undermined. *Id*. at *24-*25. Plaintiffs respectfully submit that the court's ruling in *Benson* was incorrect in light of the reasoning utilized in *Judicial Watch, Inc. v. King*, 993 F. Supp. 2d 919 (S.D. Ind. 2012), the only in-circuit case applying this kind of allegation to Section 8 of the NVRA, and its progeny, discussed in ECF 49 at 18-20.

*Benson* rejected the RNC's diversion-of-resources injury as based on speculative claims that "the RNC 'may' spend more resources and/or 'may misallocate its scarce resources'" because voter rolls were inaccurate. 2024 U.S. Dist. LEXIS 192714, at *34. The court thus found that the "RNC alleges only the *potential* of a diversion of resources." *Id.* at *35. But Plaintiffs here, as

1

previously noted, "are not speculating about costs that may be inflicted on them in the future by their reliance on Illinois' inaccurate rolls. They already endure these costs." ECF 49 at 16.

*Benson* says nothing about direct, economic injury outside of the context of a diversion of resources. *Compare* ECF 49 at 10-14. Nor does it concern the informational injury Plaintiffs allege. *Id*. at 20-23. Thus, even if *Benson*'s reasoning were adopted here it would not affect these claims.

*Benson* rejected the plaintiffs' claim, noting that their allegations "are based entirely" on high registration rates derived from census data (2024 U.S. Dist. LEXIS 192714, at *37), which lacked "factual context." *Id*. at *41.[1] While Plaintiffs have alleged high registration rates in one paragraph (ECF 1 ¶ 79), the complaint contains several other detailed allegations of Defendants' failure to conduct NVRA list maintenance, most based on Defendants' own admissions. *See generally* ECF 61 at 15 (summarizing allegations).

As a final point, Intervenor-Defendants misstate the law when they assert that "the NVRA has a four-year statutory waiting period before a voter who may have moved can legally be removed." ECF 66-1 at 4. In fact, the statutory waiting period is "2 or more consecutive general elections for Federal office." 52 U.S.C. § 20507(b)(2)(B). This period can be anywhere from a little more than two years, to just under four years, or anywhere in between, depending on how close to the next election a notice letter is sent. Data from the most recent two-year reporting period, moreover, is obviously the most relevant to determining Defendants' compliance now.

---

[1] Plaintiffs further respectfully submit that the *Benson* court's discussion of these issues repeatedly and impermissibly strays into factfinding. *See id*. at *37-*42.

Plaintiffs respectfully request that the motion to dismiss be denied.

October 28, 2024

*/s/ Robert D. Popper*
Robert D. Popper*
Eric W. Lee (No. 1049158)
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172
rpopper@judicialwatch.org

\* *Admitted pro hac vice*

T. Russell Nobile
JUDICIAL WATCH, INC.
Post Office Box 6592
Gulfport, Mississippi 39506
Phone: (202) 527-9866
Rnobile@judicialwatch.org

Christine Svenson, Esq.
(IL Bar No. 6230370)
CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC
345 N. Eric Drive
Palatine IL 60067
T: 312.467.2900
csvenson@chalmersadams.com