IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUDICIAL WATCH, INC., *et al.*<br><br>                 Plaintiffs,<br><br>v.<br><br>THE ILLINOIS STATE BOARD OF ELECTIONS, *et al.*,<br><br>                 Defendants. | Civil Action No. 1:24-cv-1867<br><br>Judge Sara L. Ellis |

## **REVISED JOINT INITIAL STATUS REPORT**

Pursuant to this Court's minute order on October 28, 2024, ECF 68, Parties conferred through counsel on December 5, 2024, regarding the status of the proceedings in this case.

1.    The Nature of the Case:

    A.    Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

The following names and contact information are the attorneys of record for Plaintiffs Judicial Watch, Inc., Illinois Family Action, Breakthrough Ideas, and Carol J. Davis:

Christine Svenson, Esq. (IL Bar No. 6230370)
CHALMERS, ADAMS, BACKER
& KAUFMAN, LLC
345 N. Eric Drive Palatine IL 60067
T: 312.437.8629
csvenson@chalmersadams.com

T. Russell Nobile (N.D. Ill. No. 100682)
JUDICIAL WATCH, INC.
Post Office Box 6592
Gulfport, Mississippi 39506

Robert D. Popper*
Eric W. Lee (N.D. Ill. No. 1049158)
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172
rpopper@judicialwatch.org
elee@judicialwatch.org

*Admitted pro hac vice

The following names and contact information are the attorneys of record for Defendants the Illinois State Board of Elections and Bernadette Matthews (the "State Defendants"), in her official capacity as the Executive Director of the Illinois State Board of Elections:

| | |
|---|---|
| SARAH H. NEWMAN<br>Office of the Illinois Attorney General<br>General Law Bureau – Civil Rights Unit<br>115 South LaSalle Street, 27th Floor<br>Chicago, IL 60603<br>Phone: 312-814-6131<br>sarah.newman@ilag.gov | MAGGIE JONES<br>ASSISTANT ATTORNEY GENERAL<br>OFFICE OF THE ILLINOIS<br>ATTORNEY GENERAL<br>100 W. Randolph St., 13th Floor<br>Chicago, Illinois 60601<br>Office: (312) 814-7198<br>Margaret.Jones@ilag.gov |

The following names and contact information are the attorneys of record for Intervenor-Defendants the Illinois AFL-CIO and the Illinois Federation of Teachers:

| | |
|---|---|
| Elisabeth C. Frost*<br>Jyoti Jasrasaria*<br>Julie Zuckerbrod*<br>Elias Law Group LLP<br>250 Massachusetts Ave NW, Suite 400<br>Washington, D.C. 20001<br>Telephone: (202) 968-4490<br>Facsimile: (202) 968-4498<br>efrost@elias.law<br>jjasrasaria@elias.law<br>jzuckerbrod@elias.law | Sarah F. Weiss<br>Jenner & Block LLP<br>353 N. Clark Street<br>Chicago, IL 60654<br>(312) 840-7597<br>sweiss@jenner.com |

*Admitted pro hac vice

B. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.

Plaintiffs bring this instant action for declaratory and injunctive relief alleging two violations of Section 8 of the National Voter Registration Act ("NVRA"). In Count I, Plaintiffs allege that the State Defendants have violated Section 8(a)(4) of the NVRA by failing to implement a general program that makes a reasonable effort to remove certain ineligible registrants who have changed address or died in Illinois. In Count II, Plaintiffs allege that the State Defendants violated Section 8(i) of the NVRA by withholding records of address confirmation notice recipients that the statute mandates they maintain. The State Defendants are sued in their official capacity and no counterclaims or third-party claims have been asserted.

C. Briefly identify the major legal and factual issues in the case.

(1) Whether the State Defendants have fulfilled their obligations under Section 8(a)(4) of the NVRA to conduct a general program that makes a reasonable effort to remove

registrations from the official list of eligible voters; and

      (2) Whether the State Defendants fulfilled their obligations under Section 8(i) of the NVRA to make available to Plaintiff Judicial Watch, Inc. "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters."

      D.      State the relief sought by any of the parties.

Plaintiffs seek declaratory and injunctive relief ordering the State Defendants to comply with their list maintenance and document production responsibilities under the NVRA, an order compelling the State Defendants to comply with the NVRA, and reasonable attorneys' fees and costs.

2.      Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

      A.      Identify all federal statutes on which federal question jurisdiction is based.

This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the laws of the United States and under 52 U.S.C. § 20510(b)(2), as it seeks injunctive and declaratory relief for alleged violations the NVRA. The federal statutes involved are 52 U.S.C. § 20507(a) and (i).

The State Defendants assert that the Court lacks subject matter jurisdiction over this action because the Plaintiffs lack standing. The basis for this assertion will be set forth in the State Defendants' motion to dismiss the amended pleading.

Intervenor-Defendants assert that the Court lacks subject matter jurisdiction over Count I of Plaintiffs' First Amended Complaint, as Plaintiffs lack standing to bring this claim. In adjudicating the parties' motions to dismiss the initial complaint, the Court held that Plaintiffs have standing to bring Count II. Intervenor-Defendants nevertheless restate their view that Plaintiffs lack standing to bring Count II, as well, preserving that issue for potential appeal.

      B.      If jurisdiction over any claims is based on diversity or supplemental jurisdiction:
              (1) State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).
              (2) Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.

N/A.

3.      Status of Service:

All Defendants have been properly served.

4. Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do NOT report whether individual parties have so consented.

Counsel have advised parties they may proceed before a Magistrate Judge and there is not unanimous consent.

5. Motions.

A. Briefly describe any pending motions.

There are no motions currently pending.

B. State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.

The State Defendants plan on responding to the Amended Complaint by filing a motion to dismiss.

Intervenor-Defendants plan on responding to the Amended Complaint by filing a motion to dismiss.

Parties propose the following briefing schedule:

State Defendants have until January 17, 2025 to file their motion.
Plaintiffs have until February 21, 2025 to respond.
State Defendants have until March 7, 2025 to reply.

Intervenor-Defendants have until January 17, 2025 to file their motion.
Plaintiffs have until February 21, 2025 to respond.
Intervenor-Defendants have until March 7, 2025 to reply.

6. Case Plan.

A. Submit a proposal for a discovery plan, including the following information:

(1) The general type of discovery needed;

Plaintiffs anticipate the type of discovery needed will consist of requests for admissions, interrogatories, requests for production, and depositions of officials within the Illinois State Board of Elections, including potentially vendors or contractors serving the State Defendants, and county or city officials, with knowledge of the State's and the counties' list maintenance and document production responsibilities.

(2) A date for Rule 26(a)(1) disclosures;

Plaintiffs and the State Defendants have exchanged Rule 26(a)(1) disclosures. Intervenor-Defendants will produce Rule 26(a)(1) disclosures to Plaintiffs and Defendants by December 20, 2024.

(3) First date by which written discovery must be issued;

Sixty (60) days from the date that this Court rules on the Defendants' motion to dismiss.

(4) A fact discovery completion date;

Eight months from the date the Court rules on the motion to dismiss.

(5) An expert discovery completion date, including dates for the delivery of expert reports; and

Four months after the conclusion of fact discovery.

(6) A date for the filing of dispositive motions.

Sixty days from the conclusion of fact discovery.

B. With respect to trial, indicate the following:

(1) Whether a jury trial is requested; and

Plaintiffs do not request a jury trial.

(2) The probable length of trial.

Five days.

7. Status of Settlement Discussions:

A. Indicate whether any settlement discussions have occurred;

As of the date of this filing, no settlement discussions have occurred.

B. Describe the status of any settlement discussions; and

N/A.

C. Whether the parties request a settlement conference.

Parties do not request a settlement conference at this time, though Parties are open to conducting informal settlement discussions and may request a conference at a future date.

Dated: December 5, 2024											Respectfully submitted,

KWAME RAOUL
Illinois Attorney General

By: /s/ Maggie Jones
MAGGIE JONES
ASSISTANT ATTORNEY GENERAL
OFFICE OF THE ILLINOIS ATTORNEY GENERAL
100 W. Randolph St., 13th Floor
Chicago, Illinois 60601
Office: (312) 814-7198
Margaret.Jones@ilag.gov

*Counsel for Defendants*

By: /s/ Sarah F. Weiss
Sarah F. Weiss
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654
(312) 840-7597
sweiss@jenner.com

Elisabeth C. Frost*
Jyoti Jasrasaria*
Julie Zuckerbrod*
Elias Law Group LLP
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
Facsimile: (202) 968-4498
efrost@elias.law
jjasrasaria@elias.law
jzuckerbrod@elias.law

*Counsel for Intervenor-Defendants*

*Admitted pro hac vice*

/s/ Robert D. Popper
*Robert D. Popper
Eric W. Lee (N.D. Ill. No. 1049158)
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172
rpopper@judicialwatch.org
elee@judicialwatch.org

Christine Svenson, Esq. (IL Bar No. 6230370)
CHALMERS, ADAMS, BACKER
& KAUFMAN, LLC
345 N. Eric Drive Palatine IL 60067
T: 312.437.8629
csvenson@chalmersadams.com

T. Russell Nobile (N.D. Ill. No. 100682)
JUDICIAL WATCH, INC.
Post Office Box 6592
Gulfport, Mississippi 39506
Phone: (202) 527-9866
rnobile@judicialwatch.org

*Attorneys for Plaintiffs*

*Admitted pro hac vice*